**PUBLISH**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

AP No. 13-cv-03043-REB

IN RE:                                                    Bankrutpcy Case No. 09-12146 ABC
                                                                   Chapter 13
COY LEE MILLER,

---

### ORDER AFFIRMING ORDER OF THE
### UNITED STATES BANKRUPTCY COURT

---

**Blackburn, J.**

The debtor filed a timely appeal of the order of the United States Bankruptcy Court for the District of Colorado dismissing his case under Chapter 13 of the United States Bankruptcy Code. The debtor filed a brief [#8][1] in support of his position. Neither the Chapter 13 Trustee nor any creditor objected to the relief sought by the debtor in the bankruptcy court, and neither the Chapter 13 Trustee nor any creditor filed a brief in opposition to the brief filed by the debtor in this appeal. I affirm the order of the bankruptcy court.

### I. JURISDICTION

Under 28 U.S.C. § 1334, United States District Courts have original jurisdiction in all civil proceedings arising in cases under Title 11, United states Code. I have jurisdiction to adjudicate this bankruptcy appeal under 28 U.S.C. § 158(a)(1).

### II. STANDARD OF REVIEW

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I am bound by the bankruptcy court's findings of fact, unless they are clearly erroneous. FED. R. BANKR. P. 8013; *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986). A finding of fact is clearly erroneous only if the appellate court has the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948). It is the responsibility of an appellate court to accept the ultimate factual determination of the fact finder, i.e., the bankruptcy court, unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data. *Jardine's Professional Collision Repair, Inc. v. Gamble*, 232 B.R. 799, *800 (D. Utah, 1999) (citing *Gillman v. Scientific Research Prods. (In re Mama D'Angelo, Inc.),* 55 F.3d 552, 555 (10th Cir. 1995)(internal citations omitted)); *In re Dinviney*, 225 B.R. 762, *769 (10th Cir. BAP (Okla.), 1998) (internal citations omitted). I review *de novo* conclusions of law reached by the bankruptcy court. *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987).

### III. BACKGROUND

The debtor, Coy Lee Miller, filed a Chapter 13 bankruptcy proceeding on February 17, 2009. An order confirming the Chapter 13 plan of the debtor was issued by the bankruptcy court on January 28, 2011. Prior to confirmation, Mr. Miller filed a **Motion to Determine Secured Status of Second Mortgage** in the bankruptcy court. [#7-1], CM/ECF pp. 57 - 68[2]. In that motion, the debtor asked the bankruptcy court to "strip off" a second lien on the primary residence of the debtor, which lien is held by HSBC Mortgage Services. On January 28, 2011, the bankruptcy court entered an order

---

[2] The record is docketed at [#7-1] in this appeal. In this order, I refer to the record via its docket number with specific reference to page numbers assigned to the record by CM/ECF.

confirming the amended plan of the debtor and granting the motion to determine the secured status of the HSBC mortgage.  The court held that the "secured claim of HSBC against Debtor's Residence is reduced to $0.00."  *Order* [#7-1], CM/ECF p. 88.  Under the terms of the plan, HSBC retained the lien securing its claim "until discharge under 11 U.S.C. § 1328 or payment in full." [#7-1]. CM/ECF p. 82, ¶ IV.C.1.  The debtor occupied the residence with his wife, Brenda Jo Love Miller.   Ms. Miller was not an obligor on the HSBC loan and was not a debtor in the bankruptcy case.

On July 29, 2012, the debtor was killed in a motorcycle accident.  The debtor died slightly more than three years into his confirmed five year Chapter 13 plan. On August 30, 2012, Ms. Miller filed a motion in the bankruptcy court seeking to be appointed as a Guardian ad Litem in the case.  The court denied that motion and denied a motion to reconsider on that issue.  Counsel for the deceased debtor them filed a motion to modify the confirmed Chapter 13 plan. [#7-1], CM/ECF p. 98. The bankruptcy court denied the motion, holding that § 1329(a) of the Bankruptcy Code does not permit an attorney for a deceased debtor to request modification of a confirmed plan.  [#7-1], CM/ECF p. 101.

On October 12, 2012,  the El Paso County District Court appointed Ms. Miller as personal representative of the probate estate of the debtor.  Acting on behalf of the probate estate, Ms. Miller[3] filed a motion for discharge of debtor under § 1328(b) of the Bankruptcy Code.  [#7-1], CM/ECF p. 102.  The debtor refers to this type of discharge as a hardship discharge.  On October 23, 2013, the bankruptcy court entered an order dismissing the case and denying the motion for a discharge under 11 U.S.C. § 1328(b)

---

[3] The relevant proceedings in the bankruptcy court took place while Ms. Miller, acting as personal representative of the probate estate of the debtor, sought relief on behalf of the probate estate of the debtor.  I refer to Ms. Miller, acting in this capacity, as the debtor.

3

as moot. [#7-1], CM/ECF p. 107 - 109. Noting the death of the debtor, the court found that a debtor in the circumstances of this case may not propose a modified plan and cannot request a hardship discharge. [#7-1], p. 108. Absent a discharge, the lien held by HSBC mortgage remains in effect.

In this appeal, the debtor raises two issues: (1) whether the bankruptcy court erred when it denied the motion for hardship discharge under § 1328(b); and (2) whether the bankruptcy court erred when it dismissed the bankruptcy case without the filing of a motion to dismiss and without permitting the probate estate of the debtor to be heard on the issue of dismissal.

## IV.  ANALYSIS

Following the death of Mr. Miller, the debtor sought a discharge under § 1328(b). Under that section, a bankruptcy court may grant a discharge in a chapter 13 case even though plan payments have not been completed.

> (b) Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if--
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).

Based on the current record, these three requirements are satisfied in this case.

First, there is no dispute that the failure of the debtor to complete his plan payments was caused by his death in an accident. There is no evidence that the debtor justly should be held accountable, in the bankruptcy context, for the existence of that circumstance. Second, in a case under chapter 7, unsecured creditors of the debtor would have received no payment. Unsecured creditors in the chapter 13 case received no payment because plan payments were not paid for the full term of the plan. Third, the debtor contends modification of the plan was not practicable because the source of the plan payments, the income of the debtor from his employment, no longer was available. *Brief* [#8], CM/ECF p. 4.

Addressing the motion for a hardship discharge, the bankruptcy court first noted Rule 1016 of the Federal Rules of Bankruptcy Procedure. *Order* [#7-1] CM/ECF p. 107. Rule 1016 provides:

> Death or Incompetency of Debtor
>
> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

In this case, the bankruptcy court noted that Ms. Miller, the surviving spouse of the debtor and "the personal representative of [the debtor's] probate estate, whether for her direct benefit as an heir or for the benefit of the creditors of the Debtor's probate estate, seeks to obtain the benefits of a Chapter 13 discharge for a case she did not file." *Order* [#7-1], CM/ECF p. 108. The bankruptcy court found that further

5

administration of this case via issuance of a hardship discharge "cannot be what was contemplated by the drafters of Rule 1016." *Id.* Given its conclusion that further administration of the case was not possible, the bankruptcy court took the only other avenue available under Rule 1016, dismissal of the case.

This holding by the bankruptcy court was not error. In this appeal, the debtor concedes that modification of the plan was not practicable. The only other form of "further administration" proposed by the debtor is the issuance of a so-called hardship discharge under § 1328(b). The further administration portion of Rule 1016 contemplates the completion and conclusion of the bankruptcy proceeding "in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed. R. Bankr. P. 1016. Absent the employment earnings of Mr. Miller, it was not possible to complete payments under his plan. In addition, further administration must be "in the best interest of the parties . . . ." *Id.* In this case, the debtor has made no showing that a hardship discharge would be in the best interest of the parties to the bankruptcy case. A hardship discharge based on the death of the debtor does not satisfy the requirements of Rule 1016.

Section 1328(b) provides that the court "may" grant a discharge if the specified circumstances are shown. Use of the word "may" indicates that the grant of such a discharge is within the discretion of the court. The bankruptcy court found, in essence, that granting a discharge to benefit a spouse who is not a party to the bankruptcy proceedings or, possibly, creditors of the probate estate of the debtor, was not proper. In the circumstances of this case, this determination was well within the discretion granted to the court under § 1328(b).

The debtor contends also that the bankruptcy court erred when it dismissed the

bankruptcy case without the filing of a motion to dismiss and without permitting the probate estate of the debtor to be heard on the issue of dismissal. The debtor "was never given the opportunity to present any of the factually relevant issues that other Courts have taken into consideration in determining whether a hardship discharge was appropriate in this case." *Brief* [#8], CM/ECF p. 6. The debtor cites **In re Perkins**, in which the court held "(u)nder Bankruptcy Rule 1016, the court must determine, based on the facts of each individual case, whether further administration is in the best interest of the parties." 381 B.R. 530, 537 (Bankr. S.D. Ill. 2007).

Here, the bankruptcy court considered the circumstances of the case, including the death of the debtor, and concluded that dismissal of the case was the only viable option. In this appeal, the key issue raised by the debtor is that dismissal of the bankruptcy case leaves the HSBC second mortgage as a lien on the residence of the debtor. Dismissal, the debtor contends, effectively causes the second mortgage to "spring back" to life, which has a bad financial impact on Ms. Miller. *Brief* [#8], CM/ECF p. 5. No other circumstance is cited by the debtor as a relevant factor which was not considered by the bankruptcy court prior to dismissal.

Ms. Miller was not a party to the bankruptcy proceeding and, therefore, consideration of her circumstances by the court was not required under Rule 1016. In this appeal, the debtor does not describe any circumstances of the probate estate of the debtor which could have been demonstrated to the bankruptcy court and might have altered the Rule 1016 calculus of the bankruptcy court. The debtor has not shown that the bankruptcy court failed to consider the relevant circumstances before dismissing this case under Rule 1016.

## V.  CONCLUSION & ORDERS

After the death of the debtor, the bankruptcy court considered the relevant circumstances and determined reasonably that further administration of the plan under Rule 1016 was not appropriate.  Amendment and further administration of the plan was not a viable option and nothing in the record of the bankruptcy case or this appeal shows that further administration was in the best interests of the parties to the bankruptcy case.  This is true even if a hardship discharge under § 1328(b)  may be seen as a form of further administration under Rule 1016.  The interests of Ms. Miller, the spouse of the debtor, but not a party to the bankruptcy case, are not relevant under Rul 1016.  The debtor has not shown that other relevant circumstances could have been shown had the bankruptcy court granted a hearing before dismissing the case.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the October 23, 2013, order of dismissal [#7-1], CM/ECF pp. 107 - 109, entered by the United States Bankruptcy Court for the District of Colorado is **AFFIRMED**; and

2.  That this case, AP No. 13-cv-03043-REB, is **CLOSED**.

Dated September 23, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge